IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE PAUL VANDERHALL, #9703922437,
    Plaintiff,

vs.                                        Case No.: 3:13cv357/RV/EMT

PENSACOLA NARCOTICS UNIT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate at the Escambia County Jail, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 6).

    Plaintiff names the Narcotics Unit of the Pensacola Police Department ("PPD") and eight individual employees of the PPD's Narcotics Unit as Defendants in this action (doc. 1 at 1–4).[1] Plaintiff claims that Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights by obtaining and executing an illegal search warrant at his home, based upon information from a confidential informant that Defendants knew was "questionable" and "faulty" (*id.* at 7–11). As relief, Plaintiff seeks monetary damages and injunctive relief (specifically, a temporary restraining order and return of his personal property that is "not considered illegal") (*id.* at 11–12). Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 5–6). Question B asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then disclosed Vanderhall v. Williams, et al., Case No. 3:13cv173/LAC/EMT, filed in this court on April 15, 2013 (*id.*). Plaintiff states Case No. 3:13cv173/LAC/EMT is a habeas corpus action in which he is challenging the legality of the search warrant (*id.*). He states the habeas case is still pending (*id.*). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 6). Where there is a parenthetical area to mark either a "yes" or "no" answer to that question, Plaintiff marked "yes" and stated, "Federal habeas corpus and also direct appeal—bad search warrant/no excessive force claims." (*id.*). At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 11).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent

verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, June 3, 2013 (*see* doc. 1 at 11), he had previously filed <u>Vanderhall, et al. v. Morgan, et al.</u>, Case No. 3:13cv308/LAC/CJK, in this court.[2]  Plaintiff was incarcerated at the time he filed Case No. 3:13cv308/LAC/CJK.  Further, the action related to the conditions of his confinement.[3]  The court dismissed the case on June 11, 2013, after Plaintiff filed the instant case.  *See* <u>Vanderhall, et al. v. Morgan, et al.</u>, Case No. 3:13cv308/LAC/CJK, Order Adopting and Affirming Magistrate Judge's Report and Recommendation (N.D. Fla. June 11, 2013).  Plaintiff did not list Case No. 3:13cv308/LAC/CJK in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Question C, and thus should have been included in Plaintiff's answer to that question.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as detailed above.  His false response suggests he was deliberately attempting to hide his litigation history.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action was required and that dismissal of the instant action may result from his untruthful answer.[4]  If Plaintiff suffered no penalty for his untruthful response, there would be little or no

---

[2] Plaintiff was one of four plaintiffs in that case, all of whom were inmates of the Escambia County Jail at the time they filed the complaint on May 7, 2013.  *See* <u>Vanderhall, et al. v. Morgan, et al.</u>, Case No. 3:13cv308/LAC/CJK, Complaint (N.D. Fla. May 9, 2013).  The inmate number of Plaintiff Tyrone Vanderhall in that case matches Plaintiff's inmate number in the instant case.

[3] In the complaint, Plaintiff and the three other inmate plaintiffs sued Sheriff David Morgan and four employees of the Escambia County Jail, alleging they were denying inmates their First Amendment rights to access the courts by failing to timely process inmates' requests for materials from the law library and failing to provide timely notary services. *See* <u>Vanderhall, et al. v. Morgan, et al.</u>, Case No. 3:13cv308/LAC/CJK, Complaint (N.D. Fla. May 9, 2013).

[4] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 5) (emphasis

disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the jails or prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[5] Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 10th day of July 2013.

    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

and capitalization in original).

[5] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to refile this matter if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No.: 3:13cv357/RV/EMT